IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Nathanael L. Reynolds, | Civil Action No.: 2:17-681-BHH |
| Plaintiff, | |
| vs. | **ORDER AND OPINION** |
| State of South Carolina, et al., | |
| Defendants. | |

Plaintiff Nathanael L. Reynolds ("Plaintiff"), proceeding *pro se* and *in forma pauperis*, filed this action alleging that the State of South Carolina and the County of Charleston violated his rights under the Sixth Amendment to the United States Constitution by not affording him a preliminary hearing in his pending state criminal prosecution, for which he remains in pretrial detention. (ECF No. 1.) This matter is before the Court for review of the Report and Recommendation ("Report") of United States Magistrate Judge Mary Gordon Baker made in accordance with 28 U.S.C. § 636(b) and Local Rule 73.02 for the District of South Carolina.

On March 15, 2017, the Magistrate Judge issued a Report recommending: (1) that this case be summarily dismissed *with prejudice*, and without issuance or service of process; and (2) that such dismissal should count as a "strike" for purposes of 28 U.S.C. § 1915(g). (ECF No. 9.) Plaintiff filed objections (ECF No. 11) to the Report on March 24, 2017.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court must make a *de novo* determination of those portions of the Report, or specified proposed findings or recommendations to which specific objection is made. 28 U.S.C. §

636(b)(1)(C). The Court may accept, reject, or modify, in whole or in part, the Report or may recommit the matter to the Magistrate Judge with instructions. *Id.* In the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005). De novo review is also "unnecessary in . . . situations when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

In reviewing these pleadings, the Court is mindful of the plaintiff's *pro se* status. This Court is charged with liberally construing the pleadings of a *pro se* litigant. *See, e.g., De'Lonta v. Angelone*, 330 F.3d 630, 633 (4th Cir. 2003). The requirement of a liberal construction does not mean, however, that the Court can ignore a plaintiff's clear failure to allege facts that set forth a cognizable claim, or that the Court must assume the existence of a genuine issue of material fact where none exists. *See United States v. Wilson*, 699 F.3d 789, 797 (4th Cir. 2012).

## DISCUSSION

Plaintiff filed objections (ECF No. 11) to the Report, which the Court has carefully reviewed.[1] First, Plaintiff argues that he was never indicted by a grand jury for the charges pending against him in the Charleston County Court of General Sessions. Plaintiff is mistaken. The Magistrate's Report references an indictment pending against Plaintiff in Williamsburg County for criminal charges of burglary first degree. (*See* ECF No. 9 at 6.) However, Plaintiff also has an indictment pending against him in Charleston County for

---

[1] As always, the Court says only what is necessary to address Petitioner's objections against the already meaningful backdrop of a thorough Report of the Magistrate Judge, incorporated by specific reference, herein, to the degree not inconsistent. Comprehensive recitation of law and fact exists there.

criminal charges of threatening the life, person, or family of a public official.[2] This objection is overruled.

Second, Plaintiff repeats his claim about his supposed right to a preliminary hearing in the pending case. Plaintiff has no such right. As the Magistrate Judge more than adequately explained in her Report, "It has been a long-standing rule that the return of an indictment by the grand jury eliminates the requirement of holding a preliminary hearing." *United States v. Soriano–Jar quin*, 492 F.3d 495, 502 (4th Cir. 2007), *cert. denied*, 552 U.S. 1189 (2008). This objection is overruled.

Third, Plaintiff objects to the Magistrate Judge's conclusion that the relief sought, to wit, removal of Plaintiff's pending criminal case to federal court, is unavailable. However, Plaintiff's arguments here are all premised on his mistaken claim of right to a preliminary hearing, which is baseless. Moreover, Plaintiff has demonstrated neither the substantive, nor the procedural grounds for removal under 28 U.S.C. §§ 1442, 1442a, and 1455, and he has not even begun to explain why this Court should contradict the fundamental policy, repeatedly affirmed by the U.S. Supreme Court, against federal courts interfering with state criminal prosecutions. *See Younger v. Harris*, 401 U.S. 37, 44 (1971). This objection is overruled.

Fourth, Plaintiff objects to the Magistrate Judge's conclusion that the instant matter is a duplicate of another case Plaintiff has pending before this Court, *Reynolds v. South Carolina*, Case No. 4:17-cv-298-BHH-MGB. Plaintiff points out that Case No. 4:17-cv-298 is brought against defendants State of South Carolina and County of Williamsburg, whereas the instant case is brought against defendants State of South Carolina and

---

[2] *See* http://jcmsweb.charlestoncounty.org/PublicIndex/CaseDetails site for records related to "Nathanael Leonard Reynolds". Public records indicate that the Charleston County Grand Jury returned a true bill of indictment, number 2016GS1003034, against Plaintiff on June 13, 2016, for the charge of "0541 - Threat/Threatening life, person or family of public official, teacher, principal". *See* Case No. 2015-A-101-0204988.

County of Charleston. Plaintiff argues that the Magistrate Judge has confused the two underlying state court criminal prosecutions. However, the distinction between the federal cases is immaterial to the viability of Plaintiff's claims therein, which are indeed identical, namely, that his constitutional rights were violated because he was denied a preliminary hearing after having requested one. Plaintiff was indicted in both underlying state court prosecutions; therefore, his claim regarding the denial of his putative right to a preliminary hearing is equally unavailing in both federal cases. Plaintiff has also unsuccessfully raised this theory in another case in front of Judge Lewis, wherein it was fully explained to him that the lack of a preliminary hearing does not give rise to a constitutional claim so long as probable cause has been established in the form of an indictment. *See Reynolds v. Brown*, Case No. 4:15-cv-865-MGL-SVH, 2015 WL 4077168, *2 n.1 (D.S.C. Mar. 5, 2015), *adopted by* 2015 WL 4078552 (D.S.C. June 30, 2015). Plaintiff's re-pleading the same frivolous theory here, hoping for a different result, is a waste of judicial resources.

The Court finds that the Report fairly and accurately summarizes the facts, with a minor correction regarding the associated indictment in Charleston County, and applies the correct principles of law, and the Court agrees with the analysis of the Magistrate Judge. Plaintiff has not stated a plausible claim for relief and the case is frivolous.

## **CONCLUSION**

For the reasons stated above and by the Magistrate Judge, and after *de novo* review, the Court overrules Plaintiff's objections, and adopts and incorporates by reference the Magistrate Judge's Report, to the degree not inconsistent. Accordingly, this action is DISMISSED *with prejudice*. This dismissal counts as a "strike" for purposes of 28 U.S.C. § 1915(g).

**IT IS SO ORDERED.**

/s/Bruce Howe Hendricks
United States District Judge

April 18, 2017
Greenville, South Carolina

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified that any right to appeal this Order is governed by Rules 3 and 4 of the Federal Rules of Appellate Procedure.